· ENOCH L. GOODALE *vs.* EUGENE C. HILL.

*G* and *H* entered into a written contract by which *G*, for a certain consideration then received, agreed to convey to *H* certain property on G street, provided that *H* should, at the same time, convey to *G* a lot on W street. If *G* failed to convey to *H* he was to forfeit $1800. If *H* failed to convey, he was to forfeit certain property described. Held that there was here no contract of *H* to convey that could be enforced against him in equity.

The provision for a forfeiture if *H* did not convey had reference only to his refusal to convey after accepting a conveyance from *G*. It was not in itself sufficient to make an obligation which a court of equity could enforce.

BILL IN EQUITY to compel the specific performance of a contract to convey real estate; brought to the Superior Court in New Haven County.

The petition set forth the following contract between the parties, executed by them under seal:

"This agreement, made and concluded this 5th day of June, 1874, in the city of New Haven, between E. Lincoln Goodale and Eugene C. Hill, witnesseth:

"That in consideration of said Hill having caused to be conveyed to said Goodale a certain parcel of land fronting on Ridge street, in said city, three hundred and fifty feet, as described in a deed executed to said Goodale by Blatchley, Warren & Townsend, on May 26th, 1874; and this agreement is an evidence, when signed by said Goodale, that such transfer has been made to said Goodale.

"Said Goodale, in consideration of the above transfer having been made, agrees to convey by warranty deed a certain piece of land situated on East Grand street, in said city of New Haven, [describing it,] with all the buildings thereon; and it is agreed by said Goodale that the above place is to be finished in complete order where now unfinished, and to be conveyed to said Hill free and clear of all incumbrances of every nature, except a mortgage to one Thompson for $6,000, which is to remain, with interest at seven per cent., which encumbrance

of $6,000 said Hill is to assume with the deed; and said Hill agrees to execute and deliver to said Goodale a second mortgage deed upon said premises, to secure the payment of his, the said Hill's, note for $1,700, dated May 26th, 1874, and payable in two years from its date, as soon as he, the said Hill, shall receive the deed of the premises on East Grand street from the said Goodale.

"*Provided*, that said Hill shall, at the time of the conveyance of the above East Grand street property to him by Goodale, convey to said Goodale a certain piece of land situated on Woolsey street in said city, [describing it,] with all the buildings thereon and appurtenances, except the hen-house and yard; this property to be free from all incumbrances except a mortgage to one George B. Bassett for $4,000 at seven per cent., which said Goodale is to assume with the deed; and it is further provided that said Goodale shall complete the finishing work in and about the East Grand street place on or before the 20th of June, 1874. And said Goodale hereby agrees that in case he shall fail to comply with the above mentioned provisions for finishing and conveying the property above mentioned in East Grand street on or before February 1st, 1875, then he will pay as forfeit for such non-fulfillment of contract the sum of $1,800, and this agreement when signed by said Goodale shall be considered as binding him, his heirs and assigns, for payment of said forfeit. And the said Goodale also agrees, in case of such non-fulfillment, to vacate at once the premises now held by said Hill, and he hereby waives all right which he, Goodale, may have to a legal notice for vacating the same; and the said Goodale also agrees that in case the East Grand street premises are not finally conveyed to said Hill, then the note of said Hill to Goodale, hereinbefore mentioned, for the sum of $1,700, shall be returned to said Hill and payment for the same shall not be demanded by said Goodale.

"And it is further provided, that in case of failure on the part of said Hill to deliver or convey the Woolsey street property as above stated, then he, the said Hill, shall forfeit any and all claim or rights which he may or would have in the Ridge street property."

The petition then averred that the petitioner had always been ready and willing to make a proper conveyance to the respondent of the property on East Grand street, and on the first day of February, 1875, had tendered to him a good warranty deed of the same, but that the respondent refused to receive the deed or accept the property; and that the petitioner at the same time demanded of the respondent a conveyance to him of the property on Woolsey street, and also a second mortgage on the property on East Grand street to secure the payment of the respondent's note for seventeen hundred dollars in the agreement mentioned; but that the respondent had then and ever since wholly refused to convey to the petitioner the property on Woolsey street or execute to him such second mortgage upon the property on East Grand street. The petitioner, averring that he had no adequate remedy at law, therefore prayed the court to order a specific performance of the agreement by the respondent, by the conveyance to him of the Woolsey street property and the execution and delivery of the second mortgage on the East Grand street property.

The respondent demurred to the petition, and the court (*Hitchcock, J.,*) sustained the demurrer and dismissed the petition. The petitioner then brought the record before this court by a motion in error.

*Stone* and *Hamilton*, for the plaintiff in error.

1. The contract binds the petitioner not only to an absolute performance on his part, but, under a penalty of $1800, he is further bound to have the property in readiness for such conveyance. His agreement to have the premises "finished and in complete order" to be conveyed, is in consideration of a part of the contract having already been performed by the respondent. His agreement to vacate the respondent's premises is only in case he, the petitioner, fails to convey to the respondent the East Grand street property. The contract must be construed with reference to its object; the whole of its terms must be considered, and the motives which led the parties to make it; and such a construction must be given to

it that none of its express stipulations shall be contradicted. Chitty on Cont., 117; *Davis* v. *Barney*, 2 Gill & J., 382; *Thrall* v. *Newell*, 19 Verm., 206; *Brown* v. *Slater*, 16 Conn., 195; *Jackson* v. *Blodgett*, 16 Johns., 178; *Richardson* v. *Palmer*, 38 N. Hamp., 218; *Cobbs* v. *Fountain*, 3 Randolph, 487; *Ripley* v. *Larmouth*, 56 Barb., 26.

2. The contract being absolute on the part of the petitioner, must also be absolute on the part of the respondent, being clearly intended as a contract of mutual obligation. *Ewing* v. *Gordon*, 49 N. Hamp., 457. The law always presumes *quid pro quo*, and that when one party agrees to do certain things, something is to be done in return. The respondent's agreement to execute the second mortgage on the East Grand street property is absolute, not only in construction but in language, and is to secure the payment of a note already in the hands of the petitioner, which note the petitioner is to give up only in the event that he fails to convey the East Grand street property. If there is anything that at all favors the construction that the agreement is to be elective on the part of the respondent, it must be found in the word "provided;" but this word cannot be allowed to control the entire agreement. And a covenant may arise from a proviso or condition. Chitty on Cont., 125. This part of the instrument must be considered the language of the respondent, and if doubtful, must be construed most strongly against him. *Barney* v. *Newcomb*, 9 Cush., 56; *Palmer* v. *Warren Ins. Co.*, 1 Story, 364; *Donnell* v. *Columbian Ins. Co.*, 2 Sumn., 380. Words of exception and reservation are treated as the words of the party in whose favor they are intended, and are to be taken most strongly against him. Chitty on Cont., 137; *Boon* v. *Ætna Ins. Co.*, 40 Conn., 586. That construction of the clause must be adopted which is the most beneficial to the petitioner, he being the covenantee. *Marvin* v. *Stone*, 2 Cow., 806. The same word "provided" is used in the clause relative to the forfeiture to be incurred by the respondent in case he fail to perform his part of the agreement. If this clause relative to the forfeiture is positive, the other cannot be conditional.

3.   The fact that the respondent is to suffer a penalty in case of non-performance on his part, is no defence to a bill for specific performance, nor does its incurrence in any way release him from performing his part of the agreement, either in respect to receiving the conveyance from, or in respect to conveying to the petitioner.   A penalty for non-performance does not make an agreement optional on the part of the promisor or covenantor.   Its object is not to leave the party bound to his election whether he shall perform or not; but it gives an additional force to his obligation, and is for the benefit of the covenantee alone, and gives to him an additional security.   *Howard* v. *Hopkyns*, 2 Atk., 371; *Fox* v. *Scard*, 33 Beav., 328; *Ewing* v. *Gordon*, 49 N. Hamp., 456; Adams's Eq., 108; 2 Chitty on Cont. (11 Am. ed.,) 1482; *Raymond* v. *Caton*, 24 Ill., 126.

4.   Although a court of equity will be governed by the same rules as a court of law, in the construction of a contract or written instrument, yet an agreement may be enforced in equity to a greater extent than it is legally binding.   2 Chitty on Cont. (11 Am. ed.,) 1482; *Squire* v. *Whitton*, 1 H. L. Cas., 342; *Viele* v. *Troy & Boston R. R. Co.*, 21 Barb., 389.

*Alling*, for the defendant in error.

FOSTER, J.   In this bill the plaintiff sets out a certain agreement in writing entered into by and between him and the defendant on the 5th of June, 1874.

This agreement is conversant, mainly, about three parcels of real estate, situated on different streets in the city of New Haven, which may be designated, respectively, as the Ridge street, Grand street, and Woolsey street properties.   The agreement sets forth that the defendant had caused the Ridge street property to be conveyed to the plaintiff.   The plaintiff in the agreement then goes on to stipulate, that in consideration of the transfer of the Ridge street property to him, he will convey the Grand street property to the defendant, provided the defendant will, at the same time, convey to him the Woolsey street property.

· The bill alleges a perfect performance of all the require-
ments and conditions of the agreement by the plaintiff on his
part; avers the tender of a good and sufficient warranty deed
to convey to the defendant the Grand street property; and a
refusal by the defendant to accept the same, coupled with a
refusal to give the plaintiff a deed of the Woolsey street prop-
erty. The plaintiff asks for a decree to compel the defendant
to convey the Woolsey street property to him, the plaintiff,
and to accept from the plaintiff a deed of the Grand street
property. This, with the performance of certain other things
as incidental, fully specified in the agreement, but which it is
unnecessary here to enumerate, is regarded by the plaintiff as
necessary to a complete specific performance of the contract,
which performance the plaintiff seeks to enforce.

· The demurrer to this bill was sustained in the court below,
and it was adjudged insufficient. The question comes before
us for revision on motion in error.

The language of this agreement is somewhat peculiar. The
plaintiff, " in consideration of the above transfer [of the Ridge
street property] having been made, agrees to convey by war-
ranty deed a certain piece of land situated on East Grand
street." *      *      * " Provided that said Hill [the
defendant] shall, at the time of the conveyance of the above
East Grand street property to Hill by Goodale, convey to said
Goodale a certain piece of land situated on Woolsey street,"
&c., &c. "And said Goodale hereby agrees, that in case he
shall fail to comply with the above mentioned provisions for
finishing and conveying the property above mentioned in East
Grand street, on or before February 1, 1875, then the said
Goodale will pay, as forfeit for such non-fulfillment of contract,
the sum of $1800."

On the part of the plaintiff it appears therefore that his
obligation to convey the Grand street property is dependent
on the defendant's conveying the Woolsey street property.
And by paying the sum of $1800, the plaintiff absolves him-
self, in any event, from all obligation to convey.

So far as the defendant is concerned we fail to discover any
stipulation in this agreement which imposes on him any obli-

gation to convey to the plaintiff the Woolsey street property. There are two clauses, only, in the agreement, in which such a conveyance is alluded to. The substantial part of the first has already been quoted: "Provided that said Hill shall, at the time," &c., "convey to said Goodale a certain piece of land situated on Woolsey street," &c. This language surely imposes on the defendant no obligation to make the conveyance. That he may do so, and that he may not, is clearly implied, but which he will do remains undecided. He makes no promise; there is no stipulation that he will convey.

The only other clause in the agreement in which this conveyance is mentioned is in these words: "And it is further provided, that in case of failure on the part of said Hill to deliver or convey the Woolsey street property as above stated, then he, the said Hill, shall forfeit any and all claim or rights which he may or would have in the Ridge street property."

Here again we find no stipulation, no agreement to convey, but simply a statement of the consequences which it was agreed should follow a failure to convey.

We cannot advise the passing of a decree requiring the defendant to convey this Woolsey street property to the plaintiff, because in the contract before us we do not find that he ever agreed to do so. We cannot make the contract for him.

If this were a case where the defendant had agreed to convey the Woolsey street property to the plaintiff, with a penalty attached to secure its performance, equity might decree the conveyance to be made, and would do so, if justice and good conscience required it. Batten on Spec. Performance of Cont., 270 *et seq.* But we regard this as a contract in which it was agreed that the defendant should convey the Woolsey street property to the plaintiff, or give up any and all claim or rights he might or would have in the Ridge street property. The defendant had his option as to which he would do. He has made his choice; it is final, and there is no ground for equitable interference.

There is no error in the judgment below.

In this opinion the other judges concurred; except PHELPS, J., who did not sit.