JAMES F. WINTER

*v.*

JOHN W. TRAINOR.

*Filed at Ottawa, June 19, 1894.*

1. SPECIFIC PERFORMANCE—*when decreed.* Courts of equity will decree the specific performance of a contract when it is in writing, and is certain and fair in all its parts, and is capable of being performed, but not otherwise. The obligation must be mutual; and unless the contract binds all the parties, it will not be specifically enforced against any of them.

2. SAME—*contract must not be uncertain and ambiguous.* Unless the contract is clear, certain and unambiguous in its terms, so that the de-

scription of the subject-matter is sufficiently definite to point out to the parties and to the court with certainty what the purchaser imagined himself to be contracting for, or unless it furnishes the means of identifying with certainty the land to be conveyed, a court of equity will not decree its specific performance.

3. SAME—*want of mutuality in a contract.* A. filed his bill against B. to specifically enforce an alleged contract in an instrument, as follows: "Chicago, Nov. 5, 1891. I will give ten acres south of 108th street, fronting State street and Wentworth avenue; three acres, more or less, fronting State street and Michigan avenue on south side of where 108th street will be; also lots nine and ten, in Nichols & McCullough's subdivision, on both sides of Dearborn street, about eighty-four feet front on the above 54th street and Dearborn, to be delivered free and clear of incumbrance, and $15,000 cash, for seven stores and flats on southwest corner of Cloud Court and State street, and also two buildings in rear; the said building to be delivered free and clear of all incumbrances, except leases to be assumed by said B." At the bottom, on the right hand, B. was signed, on the left hand, at the bottom, was signed A., and C. signed as witness: *Held,* that the contract could not be specifically enforced for want of mutuality, and for uncertainty in its terms and in the description of the property.

4. A court of equity can not make or alter a contract for the parties, and then decree its specific performance.

APPEAL from the Superior Court of Cook County; the Hon. H. M. SHEPARD, Judge, presiding.

Appellant filed his bill, and afterwards, by leave of court, his amended and substituted bill, in the Superior Court of Cook county, against appellee, to enforce the specific performance of the contract alleged to be contained in the following written instrument:

"CHICAGO, November 5, 1891.

"I will give ten acres south of 108th street, fronting State street and Wentworth avenue; three acres, more or less, fronting State street and Michigan avenue on south side of where 108th street will be; also lots nine (9) and ten (10), in Nichols and McCullough's subdivision, on both sides of Dearborn street, about 84 feet front on the above 54th street and Dearborn, to be delivered free and clear of incumbrance, and fifteen thousand ($15,000) dollars cash,

for seven (7) stores and flats on southwest corner of Cloud
Court and State street, and also two buildings in rear; the
said building to be delivered free and clear of all incum-
brance, except leases to be assumed by said Trainor.

J. F. WINTER,                     J. W. TRAINOR.
        JAMES P. GIBLEN, Witness.''

Appellee filed his demurrer to the said substituted bill.
The court below sustained the demurrer, and dismissed
the bill for want of equity.  From that decree appellant
prosecutes this appeal.

Messrs. GIBBONS & O'DONNELL and Mr. S. LOWENTHAL,
for the appellant:

As soon as the written proposition was made to Winter,
and his assent to it was made to appear in any form upon
the face of the writing, then the obligation of the parties
became mutual, and it was a complete contract.

As to the sufficiency of the description of the property.
*Hurley* v. *Brown*, 98 Mass. 545; *Murdock* v. *Anderson*,
4 Jones Eq. 77; *Hamilton* v. *Harvey*, 20 N. J. Eq. 316;
id. 21 N. J. Eq. 599.

So, where, by extrinsic, fixed facts, the subject-matter
of the contract is certain, equity will decree specific per-
formance.  *Kennedy* v. *Gramling*, 33 S. C. 367; *Felty* v.
*Calhoun*, 139 Pa. St. 378; *Coombs* v. *Scott*, 76 Wis. 662,
and cases cited.

Messrs. YOUNG, MAKEEL & BRADLEY and Messrs. DUN-
CAN & GILBERT, for the appellee:

The contract, not being binding upon Winter, lacks the
essential element of mutuality, and, therefore, can not be
enforced.  Waterman on Specific Performance, sections
196–206.

The instrument is too indefinite to be capable of specific
enforcement.

13—151 ILL.

It is claimed, that the presumption is that the party contracting intends to convey property which he then owns, and that, if it appears that he has property corresponding to that described in the instrument, it will be intended that. that is the property he contracted to convey. That is not the rule in this State. This question has been so thoroughly considered by this court, that there is no room for further discussion. *Kurtz* v. *Hibner*, 55 Ill. 514; *Hamilton* v. *Harvey*, 121 id. 469.

Mr. JUSTICE BAKER delivered the opinion of the Court:

An application for the specific performance of a contract is addressed to the sound legal discretion of the court. Courts of equity will decree a specific performance where the contract is in writing, and is certain, and is fair in all its parts, and is for an adequate consideration, and is capable of being performed, but not otherwise. *Bowman* v. *Cunningham*, 78 Ill. 48; *Hamilton* v. *Harvey*, 121 id. 469; 2 Story Eq. Jur., sec. 741. The obligation must be mutual; and unless the contract binds all the parties, it will not be specifically enforced against any of them. *Andrews et al.* v. *Sullivan*, 2 Gilm. 332; *Robinson et al.* v. *Appleton et al.*, 124 Ill. 276; Am. & Eng. Ency. of L., vol. 22, p. 1019.

In *Goodale* v. *Hill*, 42 Conn. 311, specific performance was refused on the following facts: G. and H. entered into a written contract, by which, for a certain consideration then received by G., they agreed to exchange properties. If G. failed to convey to H., he was to forfeit $1,800. If H. failed to convey, he was to forfeit certain property described. The court held, that there was here no contract of H. to convey, that could be enforced against him in equity. That the provision for a forfeiture, if H. did not convey, had reference only to his refusal to convey after accepting a conveyance from G. That it was not in itself sufficient to make an obligation which a court of equity could enforce.

In our opinion, the instrument, a specific performance of the terms of which is sought to be enforced in the case at bar, lacks that mutuality which is essential in order to entitle it to be enforced by a court of equity. It is not addressed to any one. Appellant's name is not mentioned in the body of the instrument; nor is it stated therein for whose property appellee offers to make the proposed trade. To be sure, appellant's name was signed at the bottom of the instrument, in the left hand corner, but in this wise: "J. F. Winter, James P. Giblen, Witness." But for what purpose his name was signed, whether as a witness, or otherwise, does not appear. The paper does not show, on its face, an acceptance by appellant of the offer of appellee, or an undertaking on his part to do anything, or any acknowledgment by him, the appellant herein, that he has entered into any contract with appellee. It does not appear from the instrument, that appellant had either received or given any consideration. The paper, on its face, does not purport to be in any manner binding upon appellant. Under these circumstances, can the instrument here in question be said to be of such a character, that a performance of the contract, it is alleged to contain, could be enforced against appellant by appellee? We think not. Then, since appellant is not bound, there is a want of mutuality, and a court of equity will not interfere in his behalf. Unless a contract can be specifically enforced as to all parties, equity will not interfere. *Goodale* v. *Hill,* *supra;* Am. & Eng. Ency. of L., vol. 22, p. 939, and authorities cited in note 2.

This defect, and others, which will be pointed out later, appellant has attempted to remedy by allegations in his bill. But, by the very averments of the bill itself, this paper is declared in and of itself alone to express the contract between the parties. The bill does not allege that the agreement, on the part of appellant, was oral; but, by the averments of the bill, it is made essential, that, if there is any

contract at all on the part of appellant, it must be found in
this instrument. Equity can not make or alter a contract
for the parties, and then execute it.

There is still another reason why the demurrer to appel-
lant's bill was properly sustained and his bill dismissed.
The instrument here recited is so uncertain, indefinite and
ambiguous, that a court of equity could not decree its
specific performance.

The descriptions of the lands and houses therein could
hardly have been made more indefinite than they appear in
this instrument. Nor does the instrument itself refer to
such extrinsic facts as would aid in pointing out the prop-
erty therein intended to be designated, with any degree of
certainty. The descriptions therein contained are: First,
"ten acres south of 108th street, fronting State street and
Wentworth avenue." Second, "three acres, more or less,
fronting State street and Michigan avenue on south side of
where 108th street will be." Are there more or less than
three acres? How is it possible to determine where 108th
street will be? Third, "lots nine (9) and ten (10), in
Nichols and McCullough's subdivision, on both sides of
Dearborn street, about eighty-four feet front on the above
54th street and Dearborn;" and fourth, "seven (7) stores
and flats on southwest corner of Cloud Court and State
street, and also two buildings in rear; the said building to
be delivered free and clear of all incumbrance, except leases
to be assumed by said Trainor." How many stores there
are and how many flats, how many are on Cloud Court and
how many are on State street, or in the rear of what the
"two buildings" are situated, is not determinable from the
instrument. Nor is it ascertainable therefrom which of the
buildings therein mentioned is intended to be designated by
the words, "the said building." The instrument does not
state in what city, county or State the property therein
referred to is situated; or who are the owners of the said
property; or when its delivery is to be made.

Unless the contract is clear, certain and unambiguous in its terms, so that the description of the subject-matter is sufficiently definite to point out to the parties and to the court with certainty what the purchaser imagined himself to be contracting for, or unless it furnishes the means of identifying with certainty the land to be conveyed, a court of equity will not decree its specific performance. *Bowman* v. *Cunningham, supra; Hamilton* v. *Harvey, supra; Barrett* v. *Geisinger et al.*, 148 Ill. 98. The decisions bearing on this question have been so thoroughly reviewed by this court in *Hamilton* v. *Harvey, supra*, that we deem it unnecessary to discuss them further in this opinion.

The decree of the Superior Court, dismissing complainant's bill, will be affirmed.

*Decree affirmed.*