### James T. Young v. John W. Trainor.

1. CONTRACTS—*Presumption as to Certain Signatures.*—Where a person signs a contract at the lower left hand corner at the left of the signature of the contracting party, the presumption is that such person signed as a witness, and is not a contracting party so as to be bound by the contract.

2. SAME—*Propositions Withdrawn.*—A party making a proposition to another may withdraw it at any time before acceptance, and after having withdrawn it, it is immaterial that the other declared his willingness to accept it.

**Memorandum.**—Assumpsit for services. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Submitted at the October term, 1894. Affirmed. Opinion filed January 10, 1895.

### STATEMENT OF THE CASE.

This is a suit brought by James T. Young, appellant, against John W. Trainor, appellee, to recover for services rendered by Mr. Young in securing for Mr. Trainor the acceptance of a proposition for the exchange of certain real

estate belonging to Trainor.   Young is a real estate agent and dealer in Chicago, and in the fall of 1891, one J. T. Winter placed in his hands a block of buildings located on the corner of Cloud Court and State street, in Chicago, which he desired either to sell or exchange for other property. The buildings were located upon leased ground, and Winter held a lease for ninety-nine years at $6,000 a year, payable in gold.   At that time Young occupied one of a suite of offices with his brother, F. W. Young, attorney at law in Chicago, and one Michael Clarkson had a desk or occupied a portion of Mr. James T. Young's office.   Clarkson had signed the bond as surety for the erection of this building, and had made advances to the contractor during the completion of the work, and to secure himself had taken a power of attorney from the contractor to collect the money as it became due on the contract, and had also taken a trust deed from Winter, the owner of the leasehold and the buildings, as further security.   Mr. F. W. Young was Trainor's attorney, and Trainor was also well acquainted with Mr. Clarkson and Mr. James T. Young, and had been for many years, and they had met frequently from time to time, as Mr. Trainor had been in and out of his attorney's office.   Some time just before the buildings were completed, Clarkson called Trainor's attention to them and informed him that Young had them for sale, and finally Mr. Trainor called to see Mr. Young about them and said he would like to go out and examine the buildings, which they did.   The price put on the buildings by Winter was $70,000.   On the following morning after examining the buildings, Trainor went again to Young's office, and after figuring over the probable amount of income that would be derived from the buildings in the way of rents, etc., Trainor concluded he would like to get the buildings, and proposed to give certain vacant real estate and $25,000 in cash in exchange for them.

Trainor in this proposition valued his own property at $45,000, and after some talk Mr. Young suggested to him that he thought his property would stand a higher valua-

tion than that, and proposed that he put it in at $55,000, which would reduce the amount of cash necessary to $15,000. Trainor agreed to this, and at Trainor's request Mr. Young wrote out a proposition which was dictated by Trainor, and is as follows:

" Chicago, November 5, 1891.

I will give ten acres south of 108th street, fronts State and Wentworth avenue; three acres more or less, fronting State and Michigan avenue, on both sides of where 108th street will be; also lots 9 and 10, Nichols & McColough's Subdivision, on both sides of Dearborn street, about eighty-four feet front on the above 54th street and Dearborn, to be delivered free and clear of incumbrance, and $15,000 cash, for seven stores and flats on S. W. corner Cloud Court and State street, also two buildings in the rear, the said buildings to be finished and delivered clear of all incumbrances, except lease to be assumed by said Trainor.

J. W. Trainor.

J. T. Winter.
James P. Giblin, witness."

After the proposition was written it was read to Trainor by Mr. Young, and Trainor signed it. Mr. James P. Giblin was present in Mr. Young's office at the time this proposition was drawn up and signed by Trainor, and Giblin signed it as a witness. Clarkson was not present when the contract was drawn or signed.

Farson & Greenfield, attorneys for appellant.

Winston & Meagher, attorneys for appellee; Silas H. Strawn, of counsel.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

In regard to the testimony concerning the alleged promise by Trainor to pay appellant $1,000 if he would get Winter's signature to the proposition, we see no sufficient reason for interfering with the conclusion of the jury.

Moreover, Mr. Winter's name was not signed to the proposition in a way to bind him to an acceptance thereof. Winter v. Trainor, 151 Ill. 191.

If, as appellant asserts, and appellee denies, appellee promised to give $1,000 for the obtaining of Winter's signature to the written proposition, it is clear that both parties must have understood that it was for Winter's signature in a way that bound him, that payment would be made.

Such being the case, it is immaterial that after appellee had withdrawn his proposition, Winter declared his willingness to accept it.

Appellant neither sold nor effected a binding contract of sale of appellee's property; he therefore did not earn or become entitled to a commission.

The judgment of the Circuit Court is affirmed.