JOHN M. KRAUSE *et al.*

*v.*

ADOLF KRAUS *et al.*

*Filed at Ottawa March 28, 1896—Rehearing denied October 7, 1896.*

1. CONTRACTS—*for sale of land by assignee subject to court's approval —want of mutuality.* A contract for the sale of an interest in land by an assignee for creditors, expressly providing that he shall not be bound unless it is approved by the court, does not, because of want of mutuality, become binding upon the purchaser and capable of enforcement, where such sale is not approved by the court until after the contract has expired and has been repudiated by such purchaser.

2. VENDOR AND PURCHASER—*legal status of private purchaser of land from an assignee.* A purchaser at private sale from an assignee for creditors, under a contract providing that the assignee shall not be bound unless the contract is approved by the court, does not occupy the position of a bidder at a judicial sale under an order of court, so as to render the contract binding upon him although not binding upon the assignee.

*Krause* v. *Kraus,* 58 Ill. App. 559, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

PENCE & CARPENTER, for appellants:

The terms of the contract were satisfied by the deeds tendered by appellants. *Nixon* v. *Hyserott*, 5 Johns. 58; Glanville, book 72, chap. 2; Coke's Inst. 276; *Fraust* v. *Raymond*, 2 Caines, 188; *Van Eps* v. *Schenectady*, 12 Johns. 436; 2 Blackstone, 294; Sheppard's Touchstone, 311; Rawle on Covenants of Title, (5th ed.) secs. 98, 99.

A party may waive a condition precedent to the performance of a contract, even after default, in which case he cannot insist upon the forfeiture provided for in the contract as the result of such non-performance. *Ex parte Gardner*, 4 Y. & C. 503; *Wood* v. *Machu*, 5 Hare, 158; *King* v. *Wilson*, 6 Beav. 124; *Wood* v. *Bernal*, 19 Ves. 220; *Cutts* v. *Thoday*, 13 Sim. 206; *Hipwell* v. *Knight*, 1 Y. & C. 401; *Izard* v. *Kimmel*, 26 Neb. 51; *Thayer* v. *Star Mining Co.* 105 Ill. 547; *Watson* v. *White*, 152 id. 364; *Insurance Co.* v. *Norton*, 96 U. S. 234.

If time had ever been the essence of this contract, clearly the action of the parties has waived it, and either party must have given notice a reasonable time before a forfeiture could have been declared. Dart on Vendors, (Washb. ed.) 213, 214; Sugden on Vendors, 300; *Seaton* v. *Slade*, 7 Ves. 265; *Hipwell* v. *Knight*, 1 Y. & C. 401; *King* v. *Wilson*, 6 Beav. 124.

The time of the performance of a contract in writing may be extended by a subsequent parol agreement, and no new consideration is necessary, especially where there are mutual acts to be performed by the parties. *Izard* v. *Kimmel*, 26 Neb. 51; *Insurance Co.* v. *Norton*, 96 U. S. 234; *North* v. *Kizer*, 72 Ill. 172; *Baker* v. *Whiteside*, Breese, 174; *Wadsworth* v. *Thompson*, 3 Gilm. 423.

No tender of the deeds, as approved by Kraus, was necessary, because, before the day set for carrying out the contract, Kraus repudiated his obligation and stated he would not perform. *McDonald* v. *Wolf*, 40 Mo. App. 302; *Walsh* v. *St. Louis*, 101 Mo. 534; *Gorham* v. *Farson*, 119 Ill. 425; *Wight* v. *Gardner*, 66 id. 95; *Lyman* v. *Gedney*, 114 id. 389.

MORAN, KRAUS & MAYER, and WOOLFOLK & BROWNING, for appellees:

An agreement for substituted performance is admittedly a change of the terms of the original contract. This change, if made before the original contract expires, may be valid if properly evidenced, but if made subsequently to the expiration of the original contract there must be a new consideration or an estoppel. *Ripley* v. *Insurance Co.* 30 N. Y. 136; *Montague* v. *Massey*, 76 Va. 315.

An estoppel is as odious to the law as is a forfeiture. No forfeiture is involved in this case. The question here is whether the complainants are in default. If they are, they cannot have specific performance. 3 Pomeroy's Eq. Jur. sec. 1408; 2 Herman on Estoppel, sec. 835.

A court of equity will not deprive a person of a substantial right or advantage, and change his contracts, to his detriment, in favor of one in default, unless it is clear that the waiver exists in law and in fact. *Perin* v. *Parker*, 126 Ill. 201; *Montague* v. *Massey*, 76 Va. 314.

It is not necessary to do more than call the court's attention to the rule that a contract under seal cannot be changed by parol agreement. *Hume Bros.* v. *Taylor*, 63 Ill. 43; *Railroad Co.* v. *Fitzgerald*, 17 Ill. App. 525; *Railroad Co.* v. *Railroad Co.* 23 id. 531; *Equitable Life Society* v. *Smith*, 25 id. 471; *Kinsley* v. *Charnley*, 33 id. 553.

The contract not being mutual or binding there can be no specific performance. Fry on Specific Per. (2d Am. ed.) secs. 164, 206, 286, note; Pomeroy on Specific Per. secs. 61-163; *Duvall* v. *Myers*, 2 Md. Ch. 401; *Bodine* v. *Glading*, 9 Harr. 50; *Winter* v. *Trainor*, 151 Ill. 191.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants were complainants in an amended bill filed in the circuit court of Cook county, against appellees, to enforce the specific performance of a contract for the sale of a leasehold interest in a lot in Chicago known

as No. 119 Fifth avenue, by the appellant John M. Krause, as assignee of the estate of Herman Hermann, an insolvent, to the appellee Adolf Kraus. The circuit court sustained a demurrer to the amended bill and dismissed the same. The decree has been affirmed by the Appellate Court.

The facts essential to be stated, as alleged in the amended bill and admitted by the demurrer thereto, are as follows: On June 29, 1893, the complainant John M. Krause was appointed assignee of the estate of Herman Hermann, insolvent, in a proceeding pending in the county court of Cook county, under a voluntary assignment. The assigned estate included the leasehold interest under a lease bearing date November 15, 1872, executed by George A. Ingalls to James L. Batchelder, from November 1, 1874, to May 1, 1905. By this lease the leasehold interest for the term aforesaid was transferred to and conferred upon said James L. Batchelder. The insolvent, Herman Hermann, had become the owner of the leasehold interest and premises, with the buildings thereon, for the term of the lease, and the assignee, on June 29, 1893, became vested with the title of said Herman Hermann, and became the legal owner of said interest for the unexpired term. The assignee, acting as such, after the vesting of the title in him entered into a written contract October 3, 1893, with the defendant Adolf Kraus, under the hands and seals of the parties, by which the assignee agreed to sell and convey, and Kraus agreed to purchase, the leasehold interest and building at the agreed price of $27,500, subject to a mortgage of $10,000, which the purchaser agreed to assume. The assignee agreed to deliver to the purchaser, within ten days, a good, complete and original abstract of title, and the premises were to be conveyed, within ten days from the time of the delivery of such abstract, by a good and sufficient deed of the said assignee and said Herman Hermann and his wife, conveying and assuring a good and clear title to the

leasehold interest in the said premises, free from all liens, incumbrances, charges, dower and homestead rights whatsoever, except said mortgage. Full possession of the premises was to be delivered November 1, 1893. In case the attorneys (Kraus and Mayer) of said purchaser should be of the opinion that the title to said premises was not such as was agreed upon, any sum deposited to carry out the agreement was to be returned to the purchaser. A forfeiture was provided for, at the option of the assignee, in case of failure of the purchaser to make payment or payments as agreed to be made. Time was stipulated to be of the essence of the contract, and the contract was made subject to this condition: "This contract is made subject to the approval of the county court of Cook county, and shall not bind the said assignee unless approved by said court." The contract was agreed to by Hermann and his wife, under their hands and seals, October 4, 1893.

When the contract was executed, Kraus informed the assignee and his attorney that he did not wish it made public at that time, and desired the assignee not to make application to the county court for the order approving the contract, but said it might be made when the transaction was ready to be closed. On account of the wishes of Kraus the assignee did not immediately make application for the order of approval. Within ten days from the date of the agreement the assignee delivered to Kraus an abstract of title, as provided in the agreement. Nothing further was done until October 27, 1893, and the abstract was retained by Kraus until that time, when the assignee called on him and he informed the assignee that the title was satisfactory and was good and sufficient. On that day the assignee tendered possession of the premises to Kraus, and prepared and presented to him drafts of conveyances of the premises, which had not been executed. One of these was a form of deed from the assignee to Kraus, reciting the insolvency, the appointment of the

assignee and the transfer of the leasehold interest to him. It also recited that an order had been entered by the county court authorizing, empowering and instructing the assignee to sell said premises to Kraus for the sum of $37,500, and approving said contract. The clause for conveying the premises was as follows: "The said John M. Krause, assignee as aforesaid, has released, assigned, sold, conveyed and quit-claimed, and by these presents does hereby release, assign, sell, convey and quit-claim, unto the said party of the second part, all the right, title, interest, estate, claim and demand whatso- ever of the said Herman Hermann, which he, the said Her- man Hermann, had on the said 29th day of June, A. D. 1893, and of the said John M. Krause, assignee as afore- said." The other form of deed was a quit-claim from Herman Hermann and his wife to Kraus, as grantee. The assignee then told Kraus that he would have the order of the county court entered approving the same whenever Kraus should approve the form of deeds so drawn up, and would cause the deeds to be executed and delivered whenever Kraus was ready to perform the con- tract. Kraus informed the assignee that he had no objec- tion to the form of the deeds; that he had purchased the premises for Carter H. Harrison, who was to pay the con- sideration; that he could not obtain the consideration money from said Harrison until after the close of the World's Columbian Exposition, on October 30, 1893, and did not desire to complete the transaction until the following week, but that during the following week he would close it up, and that he waived any tender of the deeds of conveyance. On October 28, 1893, Carter H. Har- rison was assassinated, and on October 30, 1893, the as- signee, with his attorney, again called upon Kraus, when Kraus stated that as Harrison was dead and the purchase was not intended for himself he had no interest in closing up the transaction, and refused to perform the contract or pay the consideration. Nothing more was done until

November 28, 1893, when an order was entered in the county court approving the contract. On January 2, 1894, the assignee tendered his deed to Kraus and a quit-claim deed from Herman Hermann and wife, but Kraus refused to perform the contract on his part. The as-signee called on the heirs and devisees of Carter H. Harrison, who are made defendants with Kraus to the amended bill, and they also refused to perform the con-tract. The prayer of the bill was that said Adolf Kraus, or some of the defendants, might be compelled to spe-cifically perform the agreement and pay the purchase money.

It would be neither advisable nor practicable to re-count or discuss the numerous positions and grounds of attack and defense occupied by the respective parties during the progress of the case through the Appellate Court and in this court, which are set out at length in the briefs and arguments filed in that court, and re-filed here with additional and supplemental arguments. It is deemed necessary only to consider the question whether, under the circumstances stated in the bill as above and admitted by the demurrer, the contract became binding upon the parties according to its terms.

It was expressly provided that the assignee should not be bound unless the contract was approved by the county court of Cook county. The time when the per-formance of the contract was to be completed by the con-veyance of the property was within ten days from the time of the delivery of the abstract of title, and this period expired October 23, 1893. The order was not ob-tained, and when the time for making the conveyance according to the terms of the contract arrived, it was still not binding upon the assignee nor enforceable by Kraus against him. Not only was the contract not bind-ing on him, but he did not perform or offer to perform at that time. As an excuse for not obtaining the order of approval so as to make the contract a complete and bind-

ing agreement, it was averred in the bill that such order was not obtained immediately upon the execution of the contract at the request of Kraus, who agreed that it might be entered when the transaction was ready to be closed. The time when, by its terms, the contract was to be carried out was October 23, 1893, and the request of Kraus, as averred, did not operate to extend the time for securing the approval of the court beyond that date. The request for delay at that time could have referred to no other time than that fixed by the contract, and that was the time that the parties had in mind. The subject of the order was never mentioned afterwards by Kraus, and nothing was said by either of the parties, except when the assignee exhibited the forms of deeds on October 27, 1893, when he told Kraus he would have the order entered whenever Kraus approved the form of deeds. It is averred that Kraus then informed the assignee that he had no objection to the form of deeds, and according to the bill there was no further excuse for not obtaining the approval at that time. And when the assignee was in default, under the terms of the contract, Kraus disclosed his agency for Carter H. Harrison, and a desire to delay until the following week when his principal could close up the contract. The assignee seems to have then recognized Kraus as an agent merely in the transaction, and assented to the delay. The assignee had still not obtained the order of approval on October 30, when the contract was repudiated by Kraus, and no excuse for the failure was given. It was almost a month after that, on November 28, 1893, when the order was entered, and deeds were not executed or tendered until January 2, 1894. If Kraus could be considered as assenting to the proposition of the assignee to obtain the order after October 23, when he should approve the forms of deeds, his assent to such extension terminated with his approving the deeds on October 27, when he told the assignee that he had no objection to their form. Still

the order was not obtained, and even after the repudiation nothing was done towards making the contract binding for nearly a month, and deeds were not made and tendered for two months after such repudiation.

In our opinion the agreement never became a binding contract capable of enforcement, since it was not approved by the county court until after it had expired and had been repudiated by Kraus. As the contract was not binding upon the assignee for want of the order of approval, there was a lack of mutuality, which would prevent a court of equity from enforcing it. If it could not be specifically enforced against all parties, equity would not interfere. Fry on Specific Performance, sec. 440; *Moore's Admrs.* v. *Randolph,* 6 Leigh, (Va.) 175; *Winter* v. *Trainor,* 151 Ill. 191; 22 Am. & Eng. Ency. of Law, 1019.

It is argued that the stipulation in the contract for approval by the county court was only such a condition as the law would imply to make the sale a valid one, and that Kraus was to be regarded as a bidder at a judicial sale under an order of court. We do not see that it would make any difference whether the law implied the condition or not. If it did imply such a condition, and the contract was not valid or enforceable against the assignee without the order of approval, the effect would be the same. The claim that Kraus was to be regarded as a bidder at a judicial sale is manifestly groundless. There had been no petition or proceeding in the county court for an order to sell, nor any decree or order for sale under which he could be regarded as a bidder whose bid was to be submitted to the county court for approval, or under which he could make himself a party to the proceeding in court. The bill disclosed no such state of facts, but only a provisional contract made by the assignee on his own account, which was to become binding only upon approval by the county court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*