DRAKE v. VORSE.

1. **Contract:** CONSTRUCTION OF. Where the defendant contracted to purchase from the plaintiff, at a certain fixed price, all the castings he should want during the year in his business, it was held that the contract did not preclude him from entering into a partnership during the year, and would not become obligatory upon the firm.

*Appeal from Wapello Circuit Court.*

THURSDAY, DECEMBER 4.

ACTION to recover for damages alleged to have been sustained by plaintiff by reason of the failure of the defendant to take and pay for certain castings according to the terms of a certain contract existing between the parties.

In January, 1873, the defendant was engaged in the manufacture of school furniture, and the plaintiff was engaged in the manufacture of castings for school furniture. They ac

VOL. LII—27.

cordingly entered into a contract whereby the plaintiff agreed to make for defendant all the castings he should want for the year 1873, the contract being in the following words:

"Des Moines, January 15, '73.

"I hereby agree to make all the school seat castings that A. S. Vorse may want during the year 1873, at six cents per pound, except ink well covers, and them at three cents each, deliverable on the cars in Eddyville, Iowa. Payments, cash on delivery.

(Signed)            P. E. Drake.
                    A. S. Vorse."

Under this contract the plaintiff supplied the defendant with such castings as he ordered (though not always of the proper quality) until sometime in May, when defendant entered into a partnership with one Goodhue, for the purpose of carrying on the business of manufacturing school furniture; the arrangement between them being that Goodhue should purchase material and superintend the work while the defendant should travel for the purpose of making sales. From that time the defendant refused to receive any more castings from the plaintiff, and none were received by him nor by the firm of which he was a member.

The plaintiff claims that if defendant had taken and paid for all the castings he wanted in accordance with the terms of the contract, she would have made a net profit of three thousand dollars more than she did make, and she brings this action to recover that amount. The case was referred to a referee who reported that he found "that the castings provided for in the contract could have been made at four and a half cents per pound; that defendant Vorse would have used in his business during the year 1873, if he had not entered into partnership with Goodhue, about $2,600 worth of castings, and that plaintiff was damaged by reason of the refusal of the defendant to receive castings from plaintiff in the sum of $532.75." He further reported that he found that "some of the castings furnished by plaintiff to defendant were not of as good material nor as well finished as the defendant had a right

to have furnished him under the contract, and that he should be allowed the sum of $50 as damages.

He reported as a conclusion of law that the plaintiff was entitled to recover $482.75. The defendant excepted to the findings of fact and the conclusion. The court overruled the exceptions and rendered judgment upon the report. The defendant appeals.

*Barcroft, Given & McCaughan* and *W. W. Corey*, for appellant.

*Stiles & Burton* and *R. W. Boyd*, for appellee.

ADAMS, J.—The abstract does not purport to contain all the evidence, and the findings of fact cannot be reviewed. We 1. CONTRACT: may, however, consider whether under a proper construction of. construction of the contract the conclusion reached can be justified. Counsel differ widely as to the obligation which it imposes upon the defendant. It binds the plaintiff to make what castings the defendant may want. It does not expressly bind the defendant to anything except to pay in cash on delivery the prices specified. But conceding that it bound him to order and take of the plaintiff all the castings he should want, it could not, we think, have the effect to preclude him from entering into a partnership, nor would it become obligatory upon the firm. It was certainly the defendant's privilege to discontinue business at any time when it should appear to him that his interest demanded it, and that, too, without becoming liable to the plaintiff in damages. He did discontinue business upon his individual account. After that he did not individually want or need any castings, and as the firm was not bound to take any, we do not think that the defendant became liable.

There were two findings of fact evidently deemed material by the referee which we have not set out. One was, in effect, that the plaintiff incurred expense for the special purpose of making the castings. But we cannot think that the fact that she incurred such expense should be allowed to affect the construction of the contract. The necessity of incurring such

expense, if there was no general demand for such castings, would have rendered it prudent for the plaintiff to require of the defendant a contract to take and pay for enough castings to justify the expenditure. But we cannot interpolate provisions on the ground that the plaintiff's interest demanded them, nor interpret the terms used in the light of her interest. It was also found that at the time the contract was executed the defendant made a definite statement to the plaintiff, of the amount of castings he should probably need. It is not claimed, however, that he was bound to take the amount mentioned. The plaintiff seeks to recover simply upon the written contract.

In our opinion the court erred in rendering judgment upon the report, and the case must be

REVERSED.