## Fred K. Higbie v. J. P. Rust.

### Gen. No. 10,916.

1. CONTRACT—*when, lacks mutuality.* A contract by which no certain amount of goods is to be sold by one party or to be bought by the other, and in which nothing about prices to be charged is stated, is void for want of mutuality.

2. CONTRACT—*when, lacks mutuality.* A promise by one party to buy what pails he might want, notwithstanding the price and terms of purchase are fixed, is too vague and indefinite for enforcement, and such a contract is void for want of mutuality.

3. CONTRACT—*when existence of, is a question for the court.* Where there is no dispute as to the language of the parties, whether oral or in writing, which it is claimed establishes the contract, the question of its existence is purely one of law and in such a case it is for the court to construe the language and see whether the elements of a contract are present.

4. SET-OFF—*what not subject of.* Unliquidated damages arising from the breach of a contract, unconnected with the subject-matter of the plaintiff's suit, cannot be set off in that suit.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed February 13, 1904.

**Statement by the Court.** Appellant is a manufacturer, jobber and dealer in woodenware in Chicago. Appellee is a manufacturer of pails at Keene, N. H. In the summer of 1899 an interview took place between them at Keene. According to appellee the "subject of five-pound pails came up; he (appellant) expressed a wish to handle my goods in the western market. We talked awhile and I came up town with him; possibly conversation would lead him to think that I would later do business with him." Appellant testifies appellee " said he had about three customers in the western country that he was supplying; if I would keep away from those three customers he would let me handle the rest of the trade out here, which I agreed to do. Told me he would give me all the goods I wanted; I told him I would probably want two carloads for a starter; 'All right,' he said, 'I will send you two carloads for a starter.'" Thereafter appellee sent appellant a sample five-pound jelly pail, and answering his letter of inquiry, wrote him as follows:

"KEENE, N. H., Aug. 7, 1899.

MR. F. K. HIGBIE,

DEAR SIR: Your letter of August 5th at hand and noted. In reply will say I will send you what five-pound jelly pails you may want at 40c doz. F. O. B. Keene, and will allow 5 per cent for cash in 10 days, but should expect you to keep away from the Glucose Sugar Ref. Co., Chicago, St. Louis Ref. Co., St. Louis, and Farrell & Co., Omaha, Neb.          Respectfully,

J. P. RUST."

On September 5, 1899, appellant ordered from appellee 500 dozen jelly pails, and on September 30, 3,500 dozen more. These orders were filled, and appellee brought this suit to recover a balance due thereon.

On October 12, 1899, appellant sent appellee an order for a small car of the pails (meaning 3,500 dozen), to which, on October 16, appellee replied as follows:

" Your order for small car five-pound jelly pails has been received and noted. I do not see how I can ship before the 10th of November. . I had on my books previous to your order one for 3.500 dozen, about two weeks' run, and then yours would have to be made, and I will do the best I can to give you the goods promptly."

On October 28, 1899, appellant wrote appellee the following letter :

" Since writing you asking you to ship another carload of five-pound jellies, I find that you shipped my other order in two small cars, and the party I sold the goods to stated one carload would be all he wanted just now, so do not send another carload until I advise you. Just as soon as I dispose of this one I will advise you, but I do not want to get too many in the warehouse."

November 4, 1899, appellant wrote appellee that " just as soon as I can dispose of one of these cars which I have in the warehouse I will send for another car, and will immediately send you instructions on the same." November 17, 1899, appellant requested appellee to ship him a car of the pails, but appellee refused to ship them.

In the suit brought by appellee, appellant filed a plea of the general issue and notice of set-off, claiming that there was a completed contract between the parties with reference to the order for 3,500 dozen pails given by appellant in October, and that he had suffered damages by reason of appellee's breach of the contract in failing and refusing to ship the pails.

At the close of the testimony the court took the case from the jury and directed a verdict for $360, the amount still owing appellee upon the September orders. This appeal is from a judgment entered on the verdict.

S. A. and W. G. FRENCH, for appellant.

HOYNE, O'CONNOR & HOYNE, for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

It is not disputed that appellant owed appellee the $360, for which the latter recovered judgment, and the only question is whether the trial court erred in holding that there was no contract between the parties excepting for the September orders.

Appellant's position is that appellee's letter of August 7 in connection with the previous interview between them, was a continuing offer subject to revocation at any time, but while unrevoked was converted into a distinct contract by each order of goods from time to time. Looking at the testimony in the most favorable view for appellant, it cannot be said that any obligations arose against either party out of what happened during their summer interview at Keene. Nothing was said about any certain amount of goods to be sold by the one or to be bought by the other, or about the prices to be charged. Nor was any offer made by appellee capable of subsequent acceptance by appellant. The former's statement of his willingness to let appellant have all the goods he wanted was not an offer in the legal sense of that term. If appellant had accepted it then and there, no contract would have resulted for want of mutuality. Appellant might not want any goods, and he would have been under no obligation to order or accept any. Drake v. Vorse, 52 Ia. 417; Wrisley Co. v. Alkali Works, 107 Ill. App. 379, and' cases cited on p. 382; Hoffmann v. Maffioli, 104 Wis. 630; Bailey v. Austrian, 19 Minn. 635, discussed and considered in Furnace Co. v. Manuf'g Co., 110 Ill. 427. The letter of appellee of August 7, upon which appellant next relies, does not better his position. Its language does not indicate that it was intended as an offer but rather as a quotation of prices and a solicitation of orders. Appellant does not seem to have himself regarded it as an offer; so far as appears he did not accept it nor even acknowledge receipt of the letter. Even

had the supposed offer been formally accepted, it would not have constituted a contract. A promise by appellant to buy what pails he might want, although the prices and terms of purchase were fixed, was too vague and indefinite for enforcement against him. He was under no obligation to buy any pails. There was no mutuality. See authorities cited *supra*.

It remains to be determined whether a contract was created by the subsequent correspondence between the parties. To appellant's order of October 12, appellee answered October 16, as shown in the preceding statement. If this letter operated as an acceptance of the order (which is doubtful), the order was cancelled and countermanded by appellant's letter of October 28, which directs appellee " not to send another car until I advise you." This was not a direction to hold the car previously ordered until advised, but to send none at all unless appellant should thereafter desire one.

The court ruled correctly in refusing to submit to the jury the question whether there was a contract. Where there is no dispute as to the language of the parties (whether oral or in writing) which it is claimed establishes the contract, the question of its existence is purely one of law. In such case it is for the court to construe the language and see whether the elements of a contract are present. But when there is a dispute as to what language was used—as there almost always is when a contract by parol is relied on—the jury will determine from the proof the question of fact as to the words actually used by the parties and then apply to their finding the law as given them by the court concerning the essentials of a contract.

So far as the letters that passed between the parties are concerned there was and could be no dispute as to their contents. Nor was there error in not leaving it to the jury to say whether any agreement was entered into at the interview in Keene during the summer of 1899. As we have seen, taking appellant's own version of what was then said, the minds of the parties did not meet. Even if the October

correspondence gave rise to a contract as claimed by appellant, still he was not harmed by the court's withdrawal of the case from the jury. The suit was brought to recover the balance due on the two orders for goods given in September, transactions entirely distinct from what took place in October. Appellant's damages for appellee's refusal to ship him the goods mentioned in the October order were unliquidated. Such damages arising out of a contract unconnected with the subject-matter of the plaintiff's suit cannot be set off in that suit. DeForrest v. Oder, 42 Ill. 500; Clause v. Printing Press Co., 118 Ill. 612.

The judgment of the Superior Court is affirmed.

*Affirmed.*