## Joseph Schlitz Brewing Company v. Mat Komp.

### Gen. No. 4,446.

1. FINDING OF CHANCELLOR—*when not disturbed.* The finding of a chancellor as to the facts will not be disturbed where the evidence does not clearly preponderate against such finding.

2. CONTRACT—*when deemed unilateral.* A contract by which one party agrees to buy but the other does not agree to sell is unilateral and cannot be enforced.

Bill for injunction, etc. Appeal from the Circuit Court of LaSalle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

THOMAS N. HASKINS, for appellant.

W. A. PANNECK, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The Joseph Schlitz Brewing Company is a manufacturer of beer at Milwaukee, Wisconsin. August Uihlein is secretary of that company. Mat Komp is the keeper of a dram-shop in the city of La Salle. The parties named were engaged in these occupations in August, 1902. Under date of August 11th, Uihlein loaned $2,500 to Komp for five years, with interest at the rate of six per cent. per annum. To secure said loan Komp and wife executed a mortgage to Uihlein on certain real estate in the city of LaSalle. At

the same time, and as a part of the same transaction, the brewing company, by Uihlein as its secretary, and Komp entered into an agreement under seal which recited said loan, and clearly implied that the money loaned was in fact the money of the brewing company, as it recited that the brewing company had withdrawn this money from its business; and Komp therein agreed that he would for five years from that date purchase from the brewing company and sell, handle and use, exclusively, the beer manufactured by the brewing company, such beer to be handled, sold and used in the city of La Salle. In the mortgage the mortgagors agreed that the contract referred to between the brewing company and Komp should be faithfully carried out by Komp. On August 4, 1903, Komp paid the mortgage to Uihlein together with the interest, and Uihlein released the mortgage and acknowledged full satisfaction thereof. Shortly thereafter Komp ceased to use Schlitz beer. On August 26, 1903, the brewing company began this suit by filing a bill in equity against Komp, the amended prayer of which was that he be enjoined for the period of five years from August 11, 1902, from handling, using or selling in his business as the keeper of a dram-shop in the city of La Salle, any beer other than that manufactured by complainant. A temporary injunction was granted. Defendant answered the bill. He therein averred that he had repaid the loan and accrued interest, and that the mortgage had been released and that he was not indebted to Uihlein in any sum whatever. He denied that he entered into the contract in question to handle exclusively the beer of the brewing company for a period of five years; denied that he understood the terms of the contract or knew that it pledged him to handle exclusively the beer manufactured by complainant, and alleged that if said contract was entered into it was contrary to law and public policy, and in restraint of trade, and was given without consideration or compensation, and was obtained by plaintiff through fraud and a misrepresentation of the terms of the contract by representatives of the complain-

ant. He further denied that the damages, if any, sustained by complainant by his alleged breach of contract could not be recovered in a suit at law, and denied that complainant was entitled to any relief in equity. He denied that he was indebted to the brewing company. He alleged that if his signature was obtained to the contract as stated, it was through a misunderstanding of the terms, and conditions of the contract, and that it should not be upheld in a court of equity. Upon a final hearing of the bill it was dismissed at defendant's costs. Complainant appeals.

It is argued that the answer does not sufficiently detail the facts upon which the charge of fraud therein is based. We are of opinion that if appellant had desired to raise that question it should have filed exceptions to the answer. Having filed a replication instead, we think the answer should be taken as sufficient in that respect.

The testimony bearing upon the question whether Komp understood that the contract bound him to buy exclusively the Joseph Schlitz Brewing Company's beer for a period of five years, is very conflicting. His testimony makes it appear that he understood that he was to handle their beer while this loan was in existence, and that whenever he paid off the loan he was excused from further performance of that agreement. He had testimony corroborating him. There was other testimony strongly tending to show that that condition of the contract was fully explained to him and understood by him, yet the testimony does not so clearly preponderate against the defendant upon that subject as to warrant us in disturbing the conclusion arrived at by the chancellor.

Irrespective of the question whether defendant was defrauded or misled or fully understood the contract, there are other considerations which satisfy us the decree ought to stand. The contract is unilateral. While it binds Komp to deal only in the beer of the Schlitz Brewing Company, it does not bind the Schlitz Brewing Company to sell him any beer whatever, for five years or any other time. There was no agreement as to the price which the brew-

ing company should charge him or as to either the quantity or quality of the beer which it should furnish him. As a general rule a unilateral contract of that kind, whereby one party is bound and the other is not, will not be specifically enforced in a court of equity. Winter v. Trainor, 151 Ill. 191. Again Uihlein, the secretary of the brewing company, in his release of the mortgage, certified that it was fully paid, satisfied and discharged. That discharged the covenants contained in the mortgage to perform this contract with the Schlitz Brewing Company. Further, the contract here sought to be enforced practically provides the penalty which shall follow the failure of defendant to perform his covenant to handle exclusively the Schlitz Brewing Company's beer. It provides that if he shall fail to perform, and if the court shall deny the brewing company the relief sought, meaning apparently, in a suit for specific performance, which was provided for in a previous clause, then the whole of the mortgage indebtedness shall immediately become due and payable, and the mortgagee shall have the same remedies as if the debt was then due. Said contract also provides that if defendant keeps his agreement to deal exclusively in Schlitz beer for five years, then the brewing company will pay back to him all the interest he has paid on his mortgage indebtedness to Uihlein. By breaking the contract and dealing in other beers defendant lost the right to a rebate or refunding of the interest he paid Uihlein, and Uihlein, the secretary of the brewing company, acquired the right to retain that interest. As already suggested, the contract says that the brewing company withdrew this money from its business, so that it is obvious that it was in fact the brewing company's loan, and the interest belongs to the brewing company and is retained by it, whereas if the defendant had continued to sell the brewing company's beer for five years it would have been required to refund that interest to him. It therefore seems that the brewing company has received that which it contracted should be in effect its compensation for a breach of the contract.

For these and other reasons we are of opinion the bill was properly dismissed. As no cross-errors are assigned we are not called upon to determine whether the decree properly adjudged the costs against defendant.

The decree is affirmed.

*Affirmed.*