## Fortune Bros. Brewing Company v. John Shields et al.

### Gen. No. 13,219.

1. LANDLORD AND TENANT—*what essential to valid assignment of right of re-entry.* Mr. Justice BROWN (the remainder of the court not passing upon the question) expresses it as his individual opinion that an assignment of the right of re-entry reserved in a lease cannot be made independently of the transfer of the reversion.

2. LANDLORD AND TENANT—*what not breach of covenant of lease authorizing re-entry.* A unilateral covenant contained in a lease by which the tenant agrees "to sell no other beer than that manufactured" by the landlord, is not a covenant running with the land, for the breach of which re-possession may be taken by the landlord.

3. REAL PROPERTY—*what not valid as condition subsequent.* It is not every condition subsequent contained in a demise of land that is valid and enforceable. Fancy and caprice cannot guide their creation. Fixed rules and principles of law form the basis of their validity or their lack of it.

Forcible entry and detainer. Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed October 28, 1907.

**Statement by the Court.** The judgment from which this appeal is prosecuted was entered by the Circuit Court of Cook county on July 5, 1906, in favor of the defendants, John Shields, Thomas Shields and Joseph Shields, in a forcible entry and detainer suit brought by the plaintiff, the Fortune Bros. Brewing Company.

The Fortune Bros. Brewing Company brought the suit March 13, 1906, before a justice of the peace of Cook county, to recover possession of "The two-story saloon with the one-story addition thereto, situated at 4500 Gross avenue, Chicago," of which it claimed the defendants were unlawfully withholding the possession from said Fortune Bros. Brewing Company. The justice on March 21, 1905, found the defendants guilty and gave judgment in favor of the plaintiff for costs and a writ of restitution of the said premises.

78    APPELLATE COURTS OF ILLINOIS.

VOL. 137.]    Fortune Bros. Brewing Co. v. Shields.

From this judgment the defendants appealed to the Circuit Court of Cook county, in which the cause was tried by the court on an agreed statement of facts, a jury having been waived. The judgment of the Circuit Court was for the defendant, and this appeal followed. It is here assigned for error that the Circuit Court erred in refusing certain propositions of law submitted in behalf of the plaintiff and in rendering a judgment for the defendants and afterwards refusing to set it aside on the motion for a new trial.

The agreed statement of facts showed that on May 22, 1905, a written lease of the premises in question was executed by Michael Allen as lessor and John, Thomas and Joseph Shields as lessees. The lease demised the premises "to be occupied for saloon and for no other purpose whatever" to the lessees for a term of five years, extending from May 1, 1905, until the thirtieth day of April, 1910, for a rental of $6,000, payable in monthly instalments of $100 each. The lease was in the ordinary form used by the Chicago Real Estate and Renting Agents' Association, and contained the usual covenants and conditions in leases of its character, and, in addition, before the re-entry clause hereinafter recited, the following:

"The parties of the second part agree to sell no beer but that manufactured by the Fortune Bros. Brewing Co., a corporation doing business in the city of Chicago."

Following this and the other covenants alluded to is this clause:

"It is expressly agreed, between the parties hereto, that if default be made in the payment of the rent above reserved, or any part thereof or in any of the covenants and agreements herein contained to be kept by the party of the second part, it shall be lawful for the party of the first part, or the legal representatives of said party, at any time thereafter, at the election of said first party, or the legal representatives thereof,

without notice to declare said term ended and to re-enter said demised premises, or any part thereof, either with or without process of law, and the said party of the second part, or any person or persons occupying the same, to expel, remove and put out, using such force as may be necessary so to do, and the said premises again to repossess and enjoy as before this demise, without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenants, and said party of the second part further covenants and agrees that said party of the first part, or the representatives or assigns of said party, shall have at all times the right to distrain for rent due, and shall have a valid and first lien upon all property of said party of the second part, whether exempt by law or not, as security for the payment of the rent herein reserved."

The following clause also is in the lease:

"It is further agreed, by the parties hereto, that after the service of notice, or the commencement of a suit, or after final judgment for possession of said premises, the first party may receive and collect any rent due, and the payment of said rent shall not waive or affect said notice, said suit or said judgment."

On May 23, 1905, Peter Fortune, the president of Fortune Bros. Brewing Company, executed the following guaranty on the back of the lease:

"For value received I hereby guarantee the payment of the rent and the performance of the covenants by the party of the second part in the within lease covenanted and agreed in manner and form as in said lease provided. Witness my hand and seal this 23rd day of May, 1905.

PETER FORTUNE     (SEAL)."

On or about January 2, 1906, the defendant lessees ceased to sell or use the beer of the Fortune Bros. Brewing Company on said premises, and began the sale and use of the beer made by another and competing brewing corporation. They continued to sell and use the beer of the other corporation up to the

80    APPELLATE COURTS OF ILLINOIS.

VOL. 137.]    Fortune Bros. Brewing Co. v. Shields.

commencement of the suit here involved, on March 1, 1906. Of this no formal notice was given to the Fortune Bros. Brewing Company, but that company knew it at all times subsequent to January 2, 1906.

On January 17, 1906, Michael Allen, the lessor, executed this instrument on the back of said lease:

"In consideration of One Dollar to me in hand paid, I hereby transfer, assign and set over to Fortune Bros. Brewing Co., a corporation of Illinois, and assigns all my interest in the within lease, and the rent thereby secured, together with all the rights and remedies inuring to me by virtue of any and all of the terms, conditions, covenants and agreements therein contained. Witness my hand and seal this seventeenth day of January, A. D. 1906.

MICHAEL ALLEN.    (SEAL.)"

January 20, 1906, notice was served on all the defendants by an agent of the Fortune Bros. Brewing Company, reciting the foregoing assignment and proceeding:

"You are hereby notified that in consequence of your default in and non-compliance with the terms of said lease, more particularly in and because of your continued violation of the following clause or covenant contained in said lease, viz: 'The parties of the second part agree to sell no beer but that manufactured by the Fortune Bros. Brewing Company, a corporation doing business in the city of Chicago,' the undersigned legal assignee and owner of said lease has elected to determine your lease and you are hereby notified to quit and deliver up possession of said premises above described to the undersigned within ten days of this date. Dated this 19th day of January, A. D. 1906.

FORTUNE BROS. BREW. CO.,
By WILLIAM J. FORTUNE, Secy".

Upon the said twentieth day of January, 1906, immediately after the service of said notice, the agent of the plaintiff who served it accepted the sum of $100 from the defendants, who took therefor the following receipt:

"CHICAGO, January 20, 1907.
Received of Shields Bros. One Hundred Dollars for rent of 4500 Gross Ave., for one month ending January 31st, 1906.

$100.00.                           FORTUNE BROS. BREW'G CO.,
                                                   F. K."

February 1, 1906, the defendants made a tender to Fortune Bros. Brewing Co. of $100 as rent for the month of February, 1906, but the said company refused to accept it and refused to accept any more rent for said premises, claiming that said lease had been terminated because of the violation of the provision relating to the sale of beer.

February 2, 1906, Fortune Bros. Brewing Co. began a suit in forcible entry and detainer before a justice of the peace in Chicago, claiming possession of said premises. This suit was dismissed on motion of the plaintiff on February 16, 1906.

February 16, 1906, a notice of that date, similar in all respects, except as to dates, to the one of January 19, 1906, before described, was served upon Shields Brothers by another agent of the brewing company, calling on them to quit and deliver up possession of said premises within ten days from February 16, 1906.

March 1, 1906, as before stated, the suit at bar was brought. On that date, and on April 1st and May 1st, good tenders of rent for the respective months were made as provided in the lease. Said tenders were refused by the plaintiff, and together with that of February 1, 1906, were kept good and renewed in open court.

Fortune Bros. Brewing Company never had and have not now any reversionary or other interest or estate in the premises described in said lease. The only interest of said company therein arises out of the assignment made to it from Michael Allen, hereinbefore set out.

The propositions of law which were submitted by the plaintiff to the court and refused were to the effect

82     APPELLATE COURTS OF ILLINOIS.

VOL. 137.]     Fortune Bros. Brewing Co. v. Shields.

that the plaintiff as assignee of the lessor, Michael Allen, although having no reversionary interest or estate in said premises, had a right to commence the action in its own name for possession of said premises; that the assignment of the lease by Allen to the brewing company carried with it the right of re-entry upon said premises to said company irrespective of the interest retained by Allen; that the acceptance of the rent on January 20, 1906, by the plaintiff from the defendants did not constitute a waiver of the right of the plaintiff to declare a forfeiture of the lease; that "the covenant or condition inserted in the lease providing that parties of the second part agree to sell no beer but that manufactured by Fortune Bros. Brewing Co. is not a mere personal covenant, but is a condition for the breach of which the assignee of the lease has a right to declare a forfeiture."

THOMAS J. YOUNG, for appellant.

ROSENTHAL & HAMILL, for appellees; CHARLES GOODMAN, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

It will be seen from the refusal of the trial judge to hold certain propositions of law set forth in the statement prefixed to this opinion, that he held against the right of the plaintiff to recover possession of the premises herein involved for several different reasons, and that his decision could have been placed on distinct lines of reasoning. He evidently held with the defendants that the right of re-entry for a condition of a lease broken is not assignable without the reversion, notwithstanding section 14 of the Illinois Landlord and Tenant Act passed in 1873, and based on, although by no means identical with, the 32 Henry VIII, 34. Said section 14 declares that "the assignees of the lessor of any demise  *  *  *  shall have the same remedies by entry, action or otherwise, for the non-performance

of any agreement in the lease  *  *  *  as their grantor or lessor might have had *if such reversion had remained in such lessor or grantor."*

Appellant claims that this language covers the right of re-entry, although no "reversion" is conveyed by the assignment.

Appellees, however, claim that such a right of re-entry, on which alone this action and judgment for restitution can be upheld, is a mere incident to the reversion. If a breach of the agreements of the lease had given cause for a forfeiture, they say, the right to re-entry and restitution of possession, if it existed, existed in the reversioner, Allen. There was nothing in the Fortune Bros. Brewing Company to which it could attach.

If this theory of the law is correct, it follows, irrespective of other considerations, that this judgment for possession in favor of the Fortune Bros. Brewing Company cannot be sustained. This was evidently the holding of the trial court, and it is the belief of the writer of this opinion that that holding was the proper one, and that although the reasoning on which it rests is inconsistent with the opinion of a learned judge of the Appellate Court for the Third District in Drew v. Mosbarger, 104 Ill. App. 635, it is justified by a logical development of what was said by the Supreme Court in Sexton v. Chicago Cold Storage Company, 129 Ill. 318. By the opinion of Judge Wright in Drew v. Mosbarger it is in effect held that the assignment of the lease by the lessor assigns or grants the reversion for the unexpired term. This theory is inconsistent with the implications of the opinion in Sexton v. The Chicago Cold Storage Company, and is expressly excluded by the stipulation of facts in this case.

A majority of this court, however, hold it to be not necessary or desirable to pass in the case at bar on the question involved in this contention. The decision will therefore be placed on other grounds.

Neither does the court pass on the question, over

84 APPELLATE COURTS OF ILLINOIS.

VOL. 137.]     Fortune Bros. Brewing Co. v. Shields.

which there is a vigorous contest, of whether or not the acceptance of the rent for January, 1906, by John Sweeny as agent for the Fortune Bros. Brewing Company on January 20, 1906, after knowledge had come to that company that the defendants were using and selling beer made by parties other than it, was a waiver of the right to declare a forfeiture of the lease and re-enter. A decision of this is also held unnecessary, for whatever conclusion might be reached on the two questions above set out, a third and distinct line of reasoning, on which the trial court may also have proceeded, seems to this court, irrefragable.

It is that the clause of the lease that the lessees "agree to sell no beer but that manufactured by Fortune Bros. Brewing Company" is not a condition subsequent, but an independent covenant of the lessees—a covenant not running with the land, and which must find its consideration in and rely for its validity on something else than the mere demise by the lessor of the premises leased. So viewed, it cannot be valid and enforceable either by forfeiture of the lease or otherwise, because it is unilateral and without consideration or mutuality. Contained in a lease which provides that the premises are to be "occupied for saloon and for no other purpose whatever," it forbids the lessees to use or sell any beer not manufactured by the Fortune company, while there is no stipulation or obligation that the Fortune company shall manufacture beer, or if they do, that they shall sell any of it to the lessees at any price or of any quality.

That the clause in question is not a condition subsequent, we feel clear. Nothing could be more applicable to this case than the language of Lord Brougham, then lord chancellor, in Keppell v. Bailey, 2 Mylne & Keen: "It must not be supposed that incidents of a novel kind can be devised and attached to property at the fancy and caprice of the owner."

If it be not a condition subsequent in the demise, it certainly seems that as an independent covenant it

should no more be enforceable than were the covenants and agreements held by this court unenforceable in Higbie v. Rust, 112 Ill. App. 218, and by the Appellate Court of the Second District in Schlitz Brewing Company v. Komp, 118 Ill. App. 566. To allow a forfeiture and re-entry for a breach is a method of enforcement as drastic and rigorous as would have been the injunction prayed for and denied in the latter case.

On this ground we decide that the court below was right in its judgment, and it is affirmed.

*Affirmed.*