216 · APPELLATE COURTS OF ILLINOIS.

The Midland Press v. F. E. Compton & Co., 204 Ill. App. 216.

## The Midland Press, Appellant, v. F. E. Compton & Company et al., Appellees.

### Gen. No. 22,674.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 19, 1917.

### Statement of the Case.

Bill for an injunction by the Midland Press, a corporation, complainant, against F. E. Compton & Company, a corporation, Frank E. Compton, E. C. McBride and P. A. Miller, defendants. From a decree dismissing the bill and the amended bill, on demurrer, for want of equity, complainant appeals.

The original bill based complainant's right to injunctional relief upon a certain written contract between the complainant and certain codefendants. After general and special demurrers to such bill were sustained, complainant by leave amended the bill, averring the contract between the parties in dispute rested "partly in writing and partly orally." The contract called for the personal services of the codefendants and expired by afflux of time January 1, 1917.

ALDEN, LATHAM & YOUNG, for appellant; T. A. SHEEHAN, of counsel.

GREGORY & McNAB and WILKERSON, CASSELS & POTTER, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The Midland Press v. F. E. Compton & Co., 204 Ill. App. 216.

## Abstract of the Decision.

1. Appeal and error, § 1170*—*when injunctive relief not granted.* Where a contract for personal services expired by afflux of time prior to opinion filed by the Appellate Court on appeal in a suit to enjoin certain defendants from inducing the parties whose services were so contracted for from breaking such contract, *held* that it would be a work of supererogation for the Appellate Court to grant such injunction.

2. Injunction, § 140*—*when injunctive relief will not be granted.* A court of equity will not enjoin the publication of either a slander or a libel, nor grant relief by injunctional proceeding for torts committed in the past.

3. Contracts, § 4*—*what constitutes an oral contract.* A contract partly in writing and partly oral is by legal interpretation an oral contract.

4. Contracts, § 4*—*when contract deemed to be in writing.* A contract is not in writing unless the parties thereto as well as its terms and provisions can be ascertained from the contract itself.

5. Contracts, § 148*—*when contract for services is void as against public policy and in restraint of trade.* A contract for the personal services in the sale of certain goods, *held* defective for want of mutuality of remedy and of obligation, and its restrictive covenant as to territory without limitation void as against public policy and in restraint of trade.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.