## BASSICK MFG. CO. v. RILEY et al.

(District Court, E. D. Pennsylvania. December 3, 1925.)

No. 3463.

1. Contracts ☒217—Contract between manufacturer and distributor for no definite time is terminable at will.

Contract between manufacturer and distributor for no definite time is terminable at will.

2. Principal and agent ☒33—Contract between manufacturer and distributor held not terminable at option of manufacturer.

Contract between manufacturer and distributor, by which distributor obtained right to use manufacturer's trade-name and manufacturer agreed to sell its products exclusively to distributor, *held* not, on theory that it was a contract of agency, terminable at option of manufacturer, leaving distributor to his remedy at law by action for damages.

In Equity. Suit by the Bassick Manufacturing Company against J. H. Riley and others. On motion for preliminary injunction. Motion denied.

Joseph W. Henderson, of Philadelphia, Pa., and Thomas L. Marshall, of Chicago, Ill., for plaintiff.

Frederick H. Knight (of Edmonds & Obermayer), of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. Under the written agreement dated November 23, 1920, between the Alemite Lubricator Company of Pennsylvania and the York Alemite Lubricator Company, under which name the defendant Riley was trading, the company granted him the exclusive right as distributor to purchase from it and sell the company's products in certain restricted territory, he to operate under the name of York Alemite Lubricator Company. The contract was for a period of six months, with an automatic renewal for another six months thereafter, and, at the expiration of the second six months, to be automatically renewed for a period of three years.

In August, 1921, there was an oral agreement between the parties, which the plaintiff contends was terminable at will and the defendant contends was for a period of 5 years, continuing in effect, substantially, the provisions of the written contract of November 23, 1920. On August 22, 1921, the plaintiff wrote the defendant a letter referring to the conversation in which the oral agreement was entered into, which referred chiefly to a change in the territory in which the defendant was to act as distributor for the plaintiff. No reference is contained in that letter to the term during which the oral agreement was to be continued.

Each of the many distributors of the plaintiff's products was entitled to take the name Alemite Lubricator Company. Its general distributor for the state of Pennsylvania took the name Alemite Lubricator Company of Pennsylvania. After the agreement of August, 1921, the defendant, in accordance therewith, started business in Harrisburg under the name Alemite Lubricator Company of Harrisburg, Pa. On October 13, 1924, the plaintiff by letter notified the defendant that the representation and distribution of its products in the territory covered by his agreement were unsatisfactory to it, and that his distributorship was terminated as of December 31, 1924. The defendant is continuing to distribute Alemite products under the Name Alemite Lubricator Company of Harrisburg, Pa., claiming the right to do so by virtue of the agreement of August, 1921, for five years from that date.

[1] There is no sufficient proof of the terms of that agreement under the contradictory evidence in the case to satisfy a court of equity that the contract was by its terms terminable at will. The affidavits of Hays McFarland and Lloyd Yeazel set up that, by the terms of the oral agreement, the defendant was made distributor for no definite time. If that is true, it was terminable at will. The affidavits of the defendant and of T. C. McElroy, who swears that he was present when the agreement was made, set out that, under its terms, the defendant was authorized to do business under the name of Alemite Lubricator Company as the distributor and sales agent of the plaintiff for a period of 5 years from August 15, 1921.

The conduct of the parties, as shown by their correspondence, is not helpful in determining the fact in dispute. McFarland's let-

ter of August 22, 1921, refers in general terms to the conversation, but contains no intimation whether its period was indefinite or for a definite term of 5 years. No time is mentioned. While it would seem natural for one having a contract for 5 years to call attention to the fact that no length of time is mentioned, yet the principal subject-matter of the letter relates to the change in territory and not to the duration of the relationship between the parties. Moreover, the plaintiff, after December 31, 1925, continued to ship and sell its products to the defendant, billed him for costs of advertising for January and February, 1925, addressed him on March 4, 1925, as Alemite Lubricator Company of Harrisburg and late in December, 1924, sent him 1,000 letter heads imprinted with the form used on plaintiff's stationery by its distributors.

[2] The plaintiff contends, however, that the contract, being one of agency was terminable at its option as principal, and that therefore the defendant should be restrained from further use of its trade-mark and trade-name Alemite, and particularly from using the name Alemite Lubricator Company of Harrisburg, leaving him to his remedy at law, if any, for recovery of damages; and that the same principle applies to the license to the use of the plaintiff's trade-name Alemite. The contract, however, is more than one of agency, or of license without consideration, for the use of a trade-name. It is a contract, for whatever length of time it may exist, under which the company and the defendant agrees that it will sell its products exclusively to him within certain territory for distribution by him under its terms, and at the same time, not only grant him the privilege, but require of him the duty, of distribution of its products under its name. The entire expense of maintaining a store, employing agents under him for distribution, and the building up of the business is put upon the defendant, and he has carried out those terms by large expenditures of money and the devotion of his time to the extension and development of the business of distribution and sale of Alemite products.

The case comes clearly within the rule laid down by the Supreme Court of Pennsylvania in Harris v. Brown, 202 Pa. 16, 51 A. 586, 90 Am. St. Rep. 610, cited by counsel for the defendant, where it is said:

"It is undoubtedly true that a mere license without consideration is determinable at the pleasure of the licensor. But that is not the rule in this state where the enjoyment of the license must necessarily be, and is, preceded by the expenditure of money. In such cases, the license becomes an agreement on a valuable consideration and is irrevocable. Rerick v. Kern, 14 S. & R. 267 [16 Am. Dec. 497]; McKellip v. McIlhenny, 4 Watts, 317 [28 Am. Rep. 711]; Willis v. Erie City Pass. Railway Co., 188 Pa. 66 [41 A. 307]."

Upon the present state of the case, the plaintiff has not established its right to a preliminary injunction, and the motion is therefore denied.