THE VICK REALTY COMPANY v. HOWARD J. FASSETT ET AL.

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE No. 47544

Memorandum filed May 21, 1947.

*Cressy, Bartram, Melvin & Sherwood,* of Stamford, for the Plaintiff.

*Weissman & Weissman,* of Stamford, for the Defendants.

CULLINAN, J. This litigation involves a contractual coven-ant restricting an employee from engaging in business similar to that of the employer within a designated time and territory af-ter the employment shall cease. The plaintiff, as employer, seeks to enforce the covenant against the defendant Fassett, its former employee, and against the defendant Hay, a competitor of the plantiff who is now employing Fassett contrary to and with no-tice of the contract.

It is undisputed that Fassett, on March 18, 1946, signed a contract whereby he was employed by the plaintiff as a real est-ate and insurance salesman and by said contract agreed for five years after termination of the employment not to engage "as principal or employee, directly or indirectly, in the real estate and insurance business in the Towns of Stamford, Greenwich, Darien, New Canaan, or Norwalk"; that the employment was to continue at the will of the contracting parties; and that on or about March 31, 1947, Fassett left the plaintiff's employ and al-most immediately associated himself with the defendant Hay.

A permanent injunction is sought to restrain Fassett from conducting or engaging in any way in the real estate, mortgage loan or insurance business in any part of the towns of Stamford, Norwalk, Greenwich, Darien, and New Canaan, either independently or as an employee or associate of Hay.

It is fundamental that if the nature of the employment is such as will bring the employee in personal contact with the customers or patrons of the employer, or enable him to acquire valuable information as to the nature and character of the business and thereby gain an unfair advantage, equity will intervene for the employer, providing, of course, that the covenant does not offend against the rule that as to the time during which the restraint is imposed, or as to the territory it embraces, it shall be no greater than is reasonably necessary to secure the business of the employer.

The plaintiff corporation, owned and controlled almost exclusively by M. Lindsay Vick, is a reputable real estate firm engaging in a sizeable business in the Stamford area and throughout lower Fairfield County. When its president employed Fassett, the latter was without extensive real estate salesmanship experience, his activity having been confined to a brief period in New York City, supplemented by several months in the sale of farm properties in upper New York.

During the year of Fassett's employment, the plaintiff firm successfully negotiated approximately one hundred sales, a mere eight of which were consummated through the efforts of this employee. In that year, Fassett's gross earnings aggregated $3,497.50—an amount something less than the agreed drawing account of $300 per month under which Fassett commenced his employment. While this record of salesmanship may be said to have been adequate, surely it is indicative of nothing unusual or remarkable or superior or extraordinary from the viewpoint of performance. Thus it is impossible to find that the services rendered the plaintiff were special and peculiar and individualistic in character. *Rogers Mfg. Co.* v. *Rogers,* 58 Conn. 356. Likewise the evidence fails to disclose that Fassett, as a salesman was so specially successful or expert that it would be difficult or impracticable to fill his place by another agent equally competent. *Burney* v. *Ryle,* 91 Ga. 701. ". . . a court will not enjoin the breach of a contract for personal services, unless it is [established] that the services of the contracting party are special, unique, or extraordinary, or the ser-

vices are of such a character that they cannot be supplied else-
where with reasonable effort, or the act is such that it cannot
be done by another." *Columbia College of Music* v. *Tunberg,*
64 Wash. 19, 21.

Particular consideration, I think, must be given the five-year
period of restraint to test its reasonableness as against its pos-
sible oppression and hardship. It must be conceded that one of
the plaintiff's principal business assets is its real estate list, com-
prising a register or catalogue of available properties for sale.
Fassett had access to this list, as did four or five additional
salesmen of the plaintiff; a very insignificant number of the
listings were " exclusive"; and the overwhelming number of
listings were carried on the registers of numerous other real
estate firms in the Stamford area. Thus it cannot be said that
the plaintiff had any unusual information, or any particularly
valuable property rights in the listings shared by others, or any
specialized or peculiar knowledge with intrinsic value. Market-
able listings are speedily converted into sales by an active real
estate organization. If, after six months to a year, sales do not
materialize, then the listings, generally speaking, are regarded as
valueless on the logical theory that the offerings are unat-
tractive or overpriced or without widespread appeal. It would
be unjust, then, to enforce a five-year restraint when that time
period far exceeds the reasonable life of the plantiff's real es-
tate listings.

Concerning the restricted territory, it should be observed
that, during a two-year period preceding trial, the plaintiff
closed but three sales in Norwalk, nine in Greenwich, and thir-
teen in the towns of Darien and New Canaan. Its gross busi-
ness during this same period exceeded two and one-half million
dollars. Obviously, then, the great bulk of the plaintiff's busi-
ness is concentrated in Stamford. Contracts by which an em-
ployee agrees not to engage in a competing business after
termination of a contract of employment will be regarded as
invalid if the restraint is more extensive than the protection of
the employer's business requires. *Rogers Mfg. Co.* v. *Rogers,*
supra; *Midland Press* v. *F. E. Compton & Co.,* 204 Ill. App.
216; *Chain Belt Co.* v. *Von Spreckelsen,* 117 Wis. 106; 9 A.
L. R. 1473; 28 Am. Jur. 302, § 109.

Only with the greatest reluctance do I conclude that the
present contractual covenant is unenforceable, since I appre-
ciate that this result, in effect, approves and encourages the

repudiation of contracts. Fassett solemnly pledged himself, in writing, to respect the restrictive covenant and his employment with the plaintiff was undertaken on that basis. To permit him to avoid his obligation seems to escape reality in favor of the niceties and subtleties of the law. However, the covenant is harsh, oppressive and unreasonable as to time and territory; it is too broad and extensive to secure reasonably the protection of the plaintiff's business. This result in no way contravenes the holdings of *Cook* v. *Johnson,* 47 Conn. 175; *May* v. *Young,* 125 Conn. 1; and *Torrington Creamery, Inc.* v. *Davenport,* 126 Conn. 515.

Judgment may enter for the defendants.