John MEADOWS, Plaintiff-Appellant,

v.

RADIO INDUSTRIES, Inc., Defendant-Appellee.

No. 11128.

United States Court of Appeals
Seventh Circuit.

May 6, 1955.

Selwyn Coleman, Louis G. Geannopoulos, Chicago, Ill., for appellant.

Daniel A. Costigan, Richard J. Gleason, Chicago, Ill., for appellee.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff sued in the District Court to recover damages occasioned, as he averred, by defendant's wrongful termination of his contract of employment. At the conclusion of his evidence, the court directed the jury to return a verdict for defendant and entered judgment against plaintiff. On appeal plaintiff contends that the court erred in directing a verdict.

On the 30th day of April, 1950, plaintiff was, and for some years prior thereto had been, a mechanical engineer residing in Wisconsin. In response to defendant's advertisement, he contacted defendant's officials and, as averred by plaintiff, the parties entered into a parol contract whereby he was to undertake

production of resistors for defendant in its plant in Chicago. The agreement rested entirely upon the parol discussions between the parties, as related by plaintiff. He testified that the parties made "an agreement and I (the plaintiff) was supposed to go with them," first, to make cold molding resistors, and then, to develop hot molding devices, for which defendant agreed to pay him $10,000 a year, and one-half of 1% of the gross sales; that he was supposed to be plant manager in exclusive charge of operating that part of the enterprise relating to resistors; that he went to work with this understanding without any further contract, was paid $190 per week and stayed with the company for almost a year, when he was discharged. In the meantime he had twice threatened to quit, but on each occasion had been prevailed upon to stay. He admitted that nothing was said about whether his employment was to be for a year, two years, or for life. He "supposed" it was permanent. There is nothing in his testimony to indicate that he ever promised to remain in employment for any certain period of time, or that there was any definite term of employment. He expressly denied that he was hired for a year and said that he did not at any time before he began working for defendant, offer to work for one year, two years, three years, or "whatever the time was."

His work during this period was largely the designing and building of machinery for the purpose of making hot mold resistors. At the time of his discharge, defendant told him the company was no longer going to continue the process that he claimed to have designed, and, upon his inquiry as to what that meant with regard to him, he was told "you're through." The evidence discloses that the defendant engaged in the resistor business for a few months after terminating plaintiff's employment and then dropped out of it entirely. On appeal plaintiff insists that his employment was to run until the resistor campaign had been fully launched and as long as it continued in operation.

It is apparent therefore, that, if there was a contract of any character, it was of nebulous substance only, with absolute uncertainty as to duration and with lack of mutuality of promises upon the parts of the respective parties. In that situation, it seems clear (first), that the contract was void for lack of mutuality, and (second), that if any agreement existed it was one wholly at will, which either party had the right to terminate at any time.

■ It is well settled in Illinois that whenever a contract is incapable of being enforced against one party, that party is equally incapable of enforcing it against the other. Lancaster v. Roberts, 144 Ill. 213, at page 223, 33 N.E. 27. As the Appellate Court has said, in Farmer's Educational & Co-Operative Union v. Langlois, 258 Ill.App. 522, at page 534: "Mutuality of obligation means that both parties are bound or neither [is] bound. In other words there must be a valid consideration. Without a valid consideration, a contract cannot be enforced in law or in equity." In various Illinois cases contracts have been held void for lack of mutuality. Illustrative are Higbie v. Rust, 112 Ill. App. 218, affirmed 211 Ill. 333, 71 N.E. 1010; Vogel v. Pekoc, 157 Ill. 339, 42 N.E. 386, 30 L.R.A. 49; Joliet Bottling Co. v. Joliet Citizens' Brewing Co., 164 Ill.App. 490, affirmed 254 Ill. 215, 98 N.E. 263; Midland Press v. F. E. Compton & Co., 204 Ill.App. 216; Joseph Schlitz Brewing Co. v. Komp, 118 Ill. App. 566, at page 569, citing Winter v. Trainor, 151 Ill. 191, 37 N.E. 869.

■ In the present case, a careful examination of the record discloses that there was not the slightest bit of evidence that plaintiff ever agreed that he would continue in the employment of defendant for any specified time. In other words, he had a right to terminate his employment at any time and did not promise to perform for any definite length of time. Therefore, the contract

could not have been enforced against him and was lacking in mutuality. Consequently, he cannot enforce it against defendant.

Plaintiff is in no better position if we consider his alleged agreement from the point of view of its term of existence, for the period of its continuance is indefinite. It is a contract at will, which may be terminated at the option of either party at any time. See Davis v. Fidelity Fire Insurance Co., 208 Ill. 375, at page 385, 70 N.E. 359 and Joliet Bottling Co. v. Brewing Co., 254 Ill. 215, at page 219, 98 N.E. 263, where the court held that, no time being fixed during which the agreement shall remain in force, it may be terminated at the will of either party. See also Peru Wheel Co. v. Union Coal Co., 295 Ill.App. 276, 14 N.E.2d 998; Industrial Natural Gas Co. v. Sunflower Natural Gasoline Co., 330 Ill.App. 343, 71 N.E.2d 199; Ibold v. 3920 Lake Shore Drive Bldg. Corp., 326 Ill.App. 257, 61 N.E.2d 305.

Nor can it avail plaintiff that his contract was, in his own words, permanent. Davis v. Fidelity Fire Insurance Co., 208 Ill. 375, at page 385, 70 N. E. 359, 363. In that case, the court approved of the decision in W. L. Milner & Co. v. Hill, 19 Ohio Cir.Ct.R. 663, where the document recited that the employment "[would] be a permanent one." The court held that either party might terminate it at any time; even though the business was permanent rather than temporary. In other words, the Supreme Court of Illinois has expressly held that a contract for "permanent employment" is one at will. This is in accord with the decisions of other jurisdictions that contracts not expressly made for fixed periods may be terminated at the will of either party. Michigan Mut. Life Ins. Co. v. Thompson, 2 Cir., 266 F. 973; Bassick Mfg. Co. v. Riley, D.C., 9 F.2d 138.

Plaintiff's complaint also charged that two certain notes, aggregating $2300.00, given by him to defendant were void and that collection thereof should be enjoined. He also claimed that $380.00 is still due him for unpaid accumulated salary at the time of his discharge. However, it appears undisputed that the balance due on the notes had been reduced to judgment which stands unimpeached. The court could grant him no relief in a collateral action against an unreversed judgment. Inasmuch as the amount of the judgment exceeds the amount he claims due him for unpaid wages, he had no right to recover therefor. Consequently, there was no basis for relief.

The judgment is

Affirmed.