99 So.2d 244 (1957)
Marshall HOPE, Appellant,
v.
NATIONAL AIRLINES, Inc., a Florida Corporation, Appellee.
No. 57-59.
District Court of Appeal of Florida. Third District.
September 12, 1957.
On Rehearing December 5, 1957.
Rehearing Denied January 8, 1958.
*245 George B. Everett, Miami, for appellant.
Scott, McCarthy, Preston, Steel & Gilleland, Miami, for appellee.
HORTON, Judge.
The appellant, Marshall Hope, has appealed from an order dismissing his complaint for failure to state a cause of action. His complaint alleges a permanent contract of employment and a wrongful discharge from this employment by National Airlines and seeks damages for loss of future income occasioned by the alleged breach of the contract. It appears from the complaint that the appellant was employed in 1948 at a time when a strike of pilots seriously limited the airline's ability to meet its schedule demands. The appellant was assured that if he would work through this strike, "he would be employed permanently so long as the defendant corporation was in business." The terms of the alleged contract were oral and the parties performed thereunder until 1955 when the appellant was discharged.
Although the appellant devotes his entire argument to the misapplication by the lower court of the Statute of Frauds, Section 725.01, Fla.Stats., F.S.A., it is well to note that the final order of dismissal stated no grounds upon which the court felt the complaint was deficient. The sole question before this court is the sufficiency of the allegations in the complaint to state a cause of action. The lower court should be affirmed.
The complaint alleges that if the appellant were to work through the strike period he would be given employment as long as the airline remained in business. The general rule is that oral contracts for personal services dependent upon a contingency are not within the scope of the Statute of Frauds. 49 Am.Jur., Statute of Frauds, § 58. The appellant has alleged that he was to be given employment as long as the airline was in business which made the contract contingent upon the life of the corporation and possible of complete performance within a one-year period.
In Roxana Petroleum Co. v. Rice, 109 Okla. 161, 235 P. 502, a similar proposition was before the court. In finding that *246 the Statute of Frauds was not applicable, the Oklahoma Court said (235 P. at page 506):
"Defendant's sixth proposition, that the contract is void under the statute of frauds, is not in accord with the great weight of authorities in construing contracts dependent upon a contingency such as we have here. The employment was to continue as long as the company did business in Oklahoma and Texas. This contingency might become effective in less time than a year, or it might continue for many years. * * *"
The court is not unmindful of the rule in Yates v. Ball, 132 Fla. 132, 181 So. 341, wherein the Supreme Court of Florida refused to apply the Statute of Frauds because the intent and understanding of the parties was that the contract was to be performed within a year. It was there indicated that if an intent were expressed between the parties that the contract was to be performed in excess of one year, the contract would be within the Statute. However, it would be premature to apply this rule to the case at bar as the proceedings in the lower court had not reached the stage of discovery or taking of testimony. The complaint must stand or fall on its allegations and we are not called upon to speculate as to what the intent of the parties might have been.
The appellant has not sought damages for services rendered as it appears that the airline had fulfilled its commitments to the appellant until the time of discharge. However, he seeks damages for that indefinite period of time which is the life of the corporation. Such damages would be so speculative as to render them impossible of determination. If the period of employment be indefinite, either party may terminate it at any time. Savannah F. & W. Ry. Co. v. Willett, 43 Fla. 311, 31 So. 246; Knudsen v. Green, 116 Fla. 47, 156 So. 240; Wynne v. Ludman Corp., Fla. 1955, 79 So.2d 690.
In the absence of an affirmative allegation of employment for a definite duration, the airline, only, appears to be bound. Certainly the appellant was not precluded under this arrangement from seeking or accepting comparable employment with others and terminating his employment with appellee at his will. The contract was unilateral and mutuality of obligation was lacking between the parties. However, this alone would not preclude enforcement of the contract if the consideration were executed but here the appellant seeks damages on the executory portion of the contract. 1 Corbin, Contracts, § 152 (1950).
The appellant urges in his brief that his employment during a period of strike amounts to an additional consideration over and beyond his personal services, as he prejudiced his right to become a member of the pilot's union and subjected himself to disfavor with his fellow employees. We do not feel that this is consideration sufficient to place the appellant in a favored position beyond the scope of the stated rule. In Page v. New Orleans Public Service, Inc., 184 La. 617, 167 So. 99, the appellant contended that his employment during a period of strike was an additional consideration which classified him as an option holder entitled to hold his position for life. The Supreme Court of Louisiana found that this position was untenable as no consideration flowed to the defendant corporation from the employee other than the personal services. See 135 A.L.R. 646. We recognize that under certain circumstances a legal detriment to the promisee may provide sufficient consideration to effect a binding contract. However, the allegations of the complaint here are insufficient to show any such consideration other than the personal services of the appellant.
In Meadows v. Radio Industries, Inc., 7 Cir., 222 F.2d 347, a factual situation arose that was analogous to the case at bar. The plaintiff sued for a wrongful termination of his employment but it appeared that the employee had made no promise as to *247 the duration of his employment and the employer, only, was bound. In ruling for the employer, the court stated (at page 348):
"It is well settled in Illinois that whenever a contract is incapable of being enforced against one party, that party is equally incapable of enforcing it against the other. Lancaster v. Roberts, 144 Ill. 213, at page 223, 33 N.E. 27. As the Appellate Court has said, in Farmer's Educational and Co-Operative Union v. Langlois, 258 Ill. App. 522, at page 534: `Mutuality of obligation means that both parties are bound or neither (is) bound. In other words there must be a valid consideration. Without a valid consideration, a contract cannot be enforced in law or in equity.' In various Illinois cases contracts have been held void for lack of mutuality. Illustrative are Higbie v. Rust, 112 Ill. App. 218, affirmed 211 Ill. 333, 71 N.E. 1010; Vogel v. Pekoc, 157 Ill. 339, 42 N.E. 386, 30 L.R.A. 49; Joliet Bottling Co. v. Joliet Citizens' Brewing Co., 164 Ill. App. 490, affirmed 254 Ill. 215, 98 N.E. 263; Midland Press v. F.E. Compton & Co., 204 Ill. App. 216; Joseph Schlitz Brewing Co. v. Komp, 118 Ill. App. 566, at page 569, citing Winter v. Trainor, 151 Ill. 191, 37 N.E. 869.
"In the present case, a careful examination of the record discloses that there was not the slightest bit of evidence that plaintiff ever agreed that he would continue in the employment of defendant for any specified time. In other words, he had a right to terminate his employment at any time and did not promise to perform for any definite length of time. Therefore, the contract could not have been enforced against him and was lacking in mutuality. Consequently, he cannot enforce it against [the] defendant."
In light of the foregoing opinions expressed, we do not feel that the appellant has stated a cause of action and the judgment of the lower court should be affirmed. Not only does the weight of authority compel this view but sound reason requires that the obligation of the parties be mutual and the duration of employment definite.
Affirmed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.

On Rehearing
PER CURIAM.
On rehearing, the appellant made known to this court that our opinion of September 12, 1957, affirmed the lower court on principles of law never raised in the lower court. We adhere to our former opinion, but feel the appellant should be given an opportunity to amend his complaint. Accordingly, the order appealed from is affirmed with directions to permit amendment of the complaint if the appellant so desires.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.